Cardona, P. J., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.

▪ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID BURR, Appellant, v MICHAEL P. McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [715 NYS2d 920] —Appeal from a judgment of the Supreme Court (Castellino, J.), entered December 23, 1999 in Chemung County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner, having been found guilty of murder in the second

---

* The summary judgment inquiry apparently was limited to whether the easement remained in existence for the benefit of plaintiffs.

degree, assault in the second degree and criminal possession of a weapon in the fourth degree, commenced this proceeding for a writ of habeas corpus contending that he is unlawfully detained because the order of commitment was insufficient, the indictment was defective and the sentences imposed were invalid. Supreme Court dismissed petitioner's application and we affirm. The record reveals that petitioner could have raised these issues either on his direct appeal from the judgment of conviction or by way of a motion pursuant to CPL article 440 in the court of original jurisdiction (*see, People ex rel. Rada v Goord*, 274 AD2d 795; *Matter of Medina v Senkowski*, 242 AD2d 762). Moreover, even if petitioner were successful in his arguments, he would not be entitled to immediate release from detention (*see, People ex rel. Kaplan v Commissioner of Correction of City of N. Y.*, 60 NY2d 648; *People ex rel. Rada v Goord*, *supra*). Accordingly, habeas corpus relief is unavailable to petitioner.

Cardona, P. J., Crew III, Spain, Graffeo and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.